IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

MICHAEL LOCHER,

       Petitioner,      :      Case No. 1:12-cv-781

  - vs -                            Chief Judge Susan J. Dlott
                                       Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional Institution,
                                       :

       Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought by Petitioner Michael Locher *pro se* seeking relief from his conviction in the Scioto County Common Pleas Court and sentence to five years imprisonment as a result. He pleads the following ground for relief:

> **Ground One:** The trial court abused its discretion and erred to the prejudice of Petitioner when the trial court refused to allow the Petitioner to withdraw his plea of guilty.

(Petition, Doc. No. 2, PageID 6.)

**Procedural History**

Locher was arrested as a result of being stopped by an Ohio Highway Patrol officer on May 13, 2010, and being found in possession of methamphetamine and chemicals for the production of more methamphetamine. Locher was indicted by the Scioto County grand jury on three counts, pled not guilty, and was released on bond. One condition of the bond was that

1

"defendant is ordered not to ingest any illegal or non-prescribed drugs." (Bond Entry, Return of Writ, Ex. 2, PageID 64.) It appears this was a standard condition of bond in Judge Marshall's court because it appears to be part of a form on which Locher's name has been hand-written. Bond was set on July 28, 2010, but revoked for seventy-two hours on August 19, 2010, when Locher "tested positive for Methamphetamines." *Id.* at Ex. 3, PageID 65.

On November 4, 2010, Locher filed a Motion to Suppress the evidence seized from him at the scene of his arrest. *Id.* at Ex. 4, PageID 66-72. However, on November 30, 2010, the date the suppression motion was scheduled for hearing, Defendant signed a written Waiver of his rights and a plea of guilty to Count 1 of the Indictment, illegal possession of chemicals for the manufacture of drugs, a felony of the third degree. *Id.* at Ex. 6. The Waiver states that no promises, threats or inducements were made to Locker to obtain the plea of guilty. At the same time, Locher signed a document advising him of the maximum penalty for the offense of conviction, to wit, five years imprisonment. *Id.* at Ex. 7, PageID 82. On the same day Locher again tested positive for methamphetamines and was remanded for 240 hours. *Id.* at Ex. 8, PageID 83. Finally, on January 19, 2011, Locher again tested positive for methamphetamines and was remanded pending sentencing. *Id.* at Ex. 9, PageID 84.

Five days later, on January 24, 2011, Locher moved to withdraw his guilty plea. *Id.* at Ex. 10, PageID 85-87. In that Motion, through counsel, Locher recited the terms of the plea agreement: he would plead guilty to Count 1 of the indictment and the other two counts would be dismissed with the prosecutor agreeing to a jointly recommended sentence of two years, an agreement which the court had accepted. *Id.* at PageID 85-86. As grounds for withdrawal, Locher's counsel said Locher believed he was not guilty and did "not want to admit a crime to which he believes he is not guilty." *Id.* at PageID 86. That motion was denied, apparently

orally.

Locher was sentenced January 31, 2011, to a five-year term of imprisonment. *Id.* at Ex. 11, PageID 88-91. He filed a timely appeal both from the sentence and from denial of his motion to withdraw the guilty plea. *Id.* at Ex. 12. He raised only one assignment of error which is exactly the same as his ground for relief pled here. (Appellant's Brief, Return of Writ, Ex. 13, PageID 100.) In the Brief, Locher argued that the basis for his claim that he was not guilty was his underlying belief that the evidence against him had been seized in violation of the Fourth Amendment. *Id.* at PageID 103-05.

The Fourth District Court of Appeals affirmed the conviction. *State v. Locher,* 2012-Ohio-787, 2012 Ohio App. LEXIS 670 (4th Dist. Feb. 22, 2012). The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal. *State v. Locher,* 132 Ohio St. 3d 1411 (2012). Locher timely filed the instant Petition on October 9, 2012 (Doc. No. 2).

## ANALYSIS

Petitioner pleads his sole ground for relief in the same language used in his single assignment of error on appeal; the stated claim is abuse of discretion in denying his pre-sentence motion to withdraw his guilty plea. In his statement of supporting facts, Locher argues he was promised a two-year sentence, but found out before sentencing that, because he had failed a drug test, the trial judge intended to sentence him to the five-year maximum for the offense of conviction. (Merit Brief, Doc. No. 3, PageID 18.) In further support, he claimed that the trial court had breached the original plea agreement and in any event the plea was invalid because the trial judge had participated in the plea bargaining. *Id.* at PageID 18-19. This last point was

3

purportedly shown by Locher's admission that the trial judge told him when he pled guilty that if he failed a drug screen before sentencing, he would receive the maximum five-year sentence. *Id.* at PageID 19.  Ultimately, Petitioner asks that the original two-year term be enforced, and not that he be permitted to have a trial (Reply, Doc. No. 11, PageID 176.)  As a *pro se* litigant, Locher is entitled to liberal construction of his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).  This Report will therefore deal with all the constitutional claims Locher makes. Ultimately, however, Locher is not entitled to habeas corpus relief on any of those claims for a number of independent reasons which are set forth below.

**Abuse of Discretion is Not a Constitutional Violation**

Locher's ground for relief, as pled, is that the trial court abused its discretion when it refused to allow him to withdraw his guilty plea.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  A claim that a state judge has abused his or her discretion does not state a claim for relief under the United States Constitution.  *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

**Locher's Claim that the Plea Agreement Was Breached is Procedurally Defaulted**

Locher now claims that his plea is invalid because it was induced by a promise that was not kept, to wit, the promise to sentence him to only two years imprisonment. "The reason that Petitioner withdrew his guilty plea is because the Court revoked its agreement on a two-year deal." (Reply, Doc. No. 11, PageID 172.)  If that was his true motivation for wanting to withdraw his guilty plea, then he lied to the Court of Common Pleas, the court of appeals, and the Ohio Supreme Court when he said he wanted to withdraw the plea because he believed he was not guilty.[1]  In any event, he never made the revocation claim in the Ohio courts and thereby procedurally defaulted the claim.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87.

---

[1] What he actually claimed was that he could not be convicted because the evidence against him had been unconstitutionally seized.  That is, of course, very different from a claim of actual innocence.

*Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), *quoting O'Sullivan v. Boerckel,* 526 U.S. 838, 846-47 (1999).

Because Locher never raised in the state courts this claim that the plea agreement had been breached, he has procedurally defaulted that claim and it should be dismissed with prejudice

6

**Judicial Participation in Plea Bargaining is Not Unconstitutional**

Locher claims Judge Marshall participated in the plea bargaining in this case. Locher admits that the trial judge told him that he would receive the maximum penalty if he violated the conditions of his bond. (Reply, Doc. No. 3, PageID 19). This accords with the court of appeals' finding that a condition of the plea agreement was that Locher abide by the terms of his bond. *State v. Locher, supra*, ¶ 6.

Those findings could support an argument that Judge Marshall "participated" in the plea bargaining. But this court can grant habeas relief only for constitutional violations, and the Constitution does not prohibit judicial participation in plea negotiations. The authority cited by Locher, *United States v. Barrett,* 982 F.2d 193 (6th Cir. 1992), enforces a provision of the Federal Rules of Criminal Procedure, Rule 11(e)(1), which forbids judicial participation in plea bargaining. But that is a matter of procedure in the federal trial courts; it has never been held to be a rule of federal constitutional law.

**Enforcement of the Original Plea Bargain**

Locher argues the original plea agreement was a contract and should be enforced, releasing him from prison because he has already served the two years he, the prosecutor, and the judge agreed to.

Plea agreements are contractual in nature and are therefore interpreted and enforced in accordance with traditional contract law principles. *United States v. Lukse*, 286 F.3d 906, 909

(6th Cir. 2002). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement for consideration, such a promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257 (1971).

However, the original plea agreement was not for two years, but for two years if Locher stayed clean pending sentencing, otherwise five years. Locher tries to avoid this problem by claiming the State never really proved he had abused drugs while on bond. He explains the three positive drug screens by saying that "[i]t is well known that drug retention rates for larger and morbidly obese men are longer than those of men of average height and weight." (Reply, Doc. No. 11, PageID 172.) However, that "fact" is not known to the Magistrate Judge. It is not so well known that judicial notice could be taken of it. And it appears nowhere in the state court record, so we could not consider it now. *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011).

Locher also tries to avoid the finding that he breached his part of the two-year agreement by using meth because he says the State never took a specimen the two times he was revoked prior to sentencing to show that he was clean when he came out of jail. This, again, is a claim that comes too late; it was never made in the state courts.

**Conclusion**

For the foregoing reasons, Locher is not entitled to habeas corpus relief. The Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

January 28, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).