# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL LOCHER,

        Petitioner,    :    Case No. 1:12-cv-781

  - vs -                                Chief Judge Susan J. Dlott
                                        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional Institution,

                                 :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

Michael Locher brought this habeas corpus action to obtain release from his five-year sentence for possession of precursors to methamphetamine (Petition, Doc. No. 2). His sole pled ground for relief was that the trial judge abused his discretion in refusing to allow Locher to withdraw his guilty plea. *Id.* at PageID 3. Although this was the only ground for relief pled, the Magistrate Judge analyzed all the constitutional claims made in the Petition, but found them all lacking in merit (Report and Recommendations, Doc. No. 14). Locher has now filed Objections (Doc. No. 16) and Chief Judge Dlott has recommitted the case for reconsideration in light of the Objections (Recommittal Order, Doc. No. 17).

Locher does not take issue with any of the findings and proposed rulings in the Report and Recommendations. Instead, he asserts that Respondent has not shown cause for his detention because Respondent has not produced a judgment of conviction (Objections, Doc. No. 16, PageID 204-205).

However, examination of the Return of Writ shows that a judgment was entered (Doc.

1

No. 10, Exhibit 11, PageID 88-91).  Petitioner's objection seems to be that the judgment is not signed by himself, the prosecutor, and the judge.  It is factually correct that the judgment is signed only by Judge Marshall. *Id.* at PageID 91.  Ohio R. Crim. P. 32(C) only requires that the judge sign the judgment; it requires no signature from the defendant or the prosecutor.  Locher cites *State v. Miller*, 127 Ohio St. 3d 407 (2010), but that case says nothing about a requirement that a criminal judgment be signed by the prosecutor or the defendant.

*Miller* does recite at ¶ 12 the familiar axiom that an Ohio court of record speaks through its journal.  It may be that Locher is claiming, although he doesn't say it, that the judgment was not journalized.  But the first page of the judgment shows that the judgment was indeed filed with the Clerk of Courts for Scioto County for journalization.  If Locher is arguing that the Clerk did not do his or her duty and journalize the judgment, he has offered no proof to that effect. Regularity of trial court proceedings is presumed.  *Walker v. Johnston*, 312 U.S. 275 (1941). In the absence of any proof of irregularity, a federal habeas court must find regularity as required by the presumption.

In any event, this claim does not present a claim cognizable under the Constitution. There is no case precedent known to the Court which requires, as a matter of federal constitutional law, that a state court judgment be journalized in order to be effective.

Finally, this claim is procedurally defaulted because it was never presented to the Ohio courts.

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that it be dismissed with prejudice.  Because reasonable jurists would

not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

February 19, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).